UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JESSE CLYDE BURLESON,

                    Plaintiff,

          vs.

FELIPE M. SAMSON, *et al.*,

                    Defendants.

No. 2:00-cv-02591-JKS

ORDER
[Re: Motion *in Limine* at Docket No. 84]

At Docket No. 84 Defendants have filed a motion *in limine* seeking to bar Plaintiff from: (1) introducing any evidence of remedial actions taken after the accident underlying Plaintiff's claim; (2) testifying as a medical expert; and (3) calling as witnesses inmates Floyd Burnham, Raymond Pondelick, and Mark Schmidt.  Defendants further move that they be permitted to present the testimony of James Milliman, M.D., the treating physician, by a video taped deposition.

While working as a prison cook on May 28, 2000, plaintiff slipped on a wet, greasy patch of floor while frying chicken on the B-Side grill in the Mule Creek Prison kitchen.  Plaintiff suffered second-degree burns to his right arm and hand.  There were four grills in the kitchen. Out of concern for safety, custodial staff had removed grease pans from the B-side grill and one other grill because the pans had sharp edges and could be used as weapons or to make weapons. The other two grills had grease pans.  The grill should not have been used without a receptacle to catch grease.

Prisoners were trained to be careful of grease splatter and to wipe the floor when necessary, and the floors were cleaned after each shift.  Inmates were allowed to use five-gallon buckets and metal food-warming trays to catch grease.  Inmates were also permitted to place cardboard on the floor to absorb grease, and to sprinkle salt on the floor for traction.

1. <u>Evidence of Remedial Actions</u>. Plaintiff seeks to introduce evidence of remedial actions taken after the incident forming the Plaintiff's claim, *i.e.*, the installation of fabricated grease pans in the B-side grills.  Introduction of such evidence is barred by Federal Rule of Evidence 407, which provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

"Rule 407 is based on the policy of encouraging potential defendants to remedy hazardous conditions without fear that their actions will be used as evidence against them."  *Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 888 (9th Cir.1991) citing *Gauthier v. AMF, Inc.,* 788 F.2d 634, 637 *amended,* 805 F.2d 337 (9th Cir.1986).

Thus, to the extent that Plaintiff seeks to introduce evidence of subsequent remedial actions for the purpose of establishing that the acts of Defendants were culpable, it is barred by FED. R. EVID. 407.  It does not appear that the feasibility of precautionary measures is controverted.

2. <u>Plaintiff's Testimony</u>.  Defendants seek to limit Plaintiff's testimony as to the nature and extent of his injury to that which is not based upon scientific, technical, or other specialized knowledge.  Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Plaintiff is clearly qualified to testify as a fact witness and may provide his opinion to the extent that opinion is based upon his experience.  However, Plaintiff may not express an opinion based upon specialized medical testimony knowledge within the scope of FED. R. EVID. 702, *i.e.*, testimony that may only be given by one who is "qualified as an expert by knowledge, skill,

experience, training, or education." *See Jerden v. Amstutz*, 431 F.3d 1231, 1239–40 (9th Cir.2005).

Thus, at trial, Plaintiff's testimony will be limited to his observations, *i.e.,* what he saw; the extent of his injury in the same manner and to the extent as he would describe it to treating medical professionals; the treatment he received; and the effect the injury had on him, *e.g.*, the pain he suffered and any effect the injury has on his ability to carry out his every day activities. Plaintiff may not, however, interpret or otherwise explain in medical or diagnostic terms the nature or extent of his injuries or the medical records.

3. <u>Testimony of Inmates</u>.  Defendants seek to exclude the testimony of the inmate witnesses on the grounds that their testimony is expected to be irrelevant, cumulative and repetitious of the facts.  As there is nothing in the record before this Court concerning the testimony to be proffered by the inmate witnesses other than as stated in Defendants' motion, the Court is unable to determine with any degree of certainty whether the testimony will be relevant, cumulative or repetitious.  Therefore, the Court is unable to rule on the motion on the merits and admissibility of the testimony can not be ruled on until the witness is examined at trial. Therefore, the motion *in limine* as to the testimony of the inmate witnesses will be denied without prejudice.

However, Plaintiff is cautioned that there is no need to introduce evidence to establish those facts to the extent that they are stipulated to or undisputed.

4. <u>Testimony of James Milliman, M.D.</u>  The Court agrees that if Dr. Milliman is unavailable to testify in person and meets the requirements of Fed. R. Civ. P. 32(a)(3), his video tape deposition is admissible for all purposes at trial.  However, as with the testimony of the inmate witnesses, there is no evidence in the record before the Court that the requirements of Rule 32(a)(3) have been met.  Accordingly, unless Plaintiff consents, the motion *in limine* as to James Milliman, M.D., will be denied without prejudice.

IT IS ORDERED THAT the Motion *in Limine* at Docket No. 84 is GRANTED, in part, and DENIED, in part, as follows:

1.      Evidence of subsequent remedial actions for the purpose of establishing the acts of Defendants were culpable is barred.

2.      Plaintiff may testify as a fact witness and may provide his opinion to the extent that opinion is based upon his experience; however, Plaintiff may not express an opinion based upon specialized knowledge, medical or otherwise; and

3.      The testimony of inmate witnesses is limited to those matters that are relevant to the issues in dispute; and

4.      The request to use the deposition testimony of James Milliman, M.D. is DENIED, without prejudice.

Dated: September 12, 2007.

<u>            s/ James K. Singleton, Jr.            </u>
JAMES K. SINGLETON, JR.
United States District Judge

ORDER [Re: Motion *in Linine* at Docket No. 84]
*Burleson v. Samson*, 2:00-cv-02591-JKS

4