IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE CLYDE BURLESON,

      Plaintiff,                    No. CIV S-00-2591 JKS EFB P

      vs.

FELIPE M. SAMSON, et al.,

      Defendants.         <u>ORDER</u>

                              /

      Plaintiff is a state prisoner who proceeded pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was scheduled for trial on September 17, 2007. Dckt. No. 69. Plaintiff provided the court with completed subpoenas to secure the attendance of his unincarcerated witnesses at trial, along with a money order in the amount of $800.00 to cover the statutory witness fees. Dckt. No. 87. On September 11, 2007, the court directed the U.S. Marshal to serve the subpoenas and checks on the witnesses. *Id.* However, minutes from September 17, 2007, the first day of trial, reflect that the case settled prior to jury selection. Dckt. No. 97. On September 25, 2007, the assigned district judge, based on the parties' stipulation, dismissed this action with prejudice. Dckt. No. 106.

      Now pending is plaintiff's October 7, 2010 motion for a refund of the $800.00 in witness fees, on the ground that the case never went to trial. Dckt. No. 107. However, the mere fact that

1

1 this action never went to trial does not entitle plaintiff to a refund.  Pursuant to 28 U.S.C. § 1821,
2 "a witness in attendance at any court of the United States," shall be paid witness fees and travel
3 costs.  These fees are allowed even where the case does not go to trial, as the United States
4 Supreme Court has held that section 1821 compensates for readiness to testify.  *See Hurtado v.*
5 *United States*, 410 U.S. 578, 584-585 (1973) (section 1821 reaches those witnesses who have
6 been summoned and are "in necessary attendance on the court, in readiness to testify" but whose
7 physical presence in the courtroom is not required).  Thus, the statute compensates for
8 availability to testify, not physical presence.  *Id.*  As this case settled on the first day of trial, and
9 plaintiff makes no showing that the subpoenaed witnesses were not available and/or ready to
10 testify, plaintiff is not entitled to a refund.

11    Accordingly, plaintiff's October 7, 2010 motion for a refund of witness fees is denied.

12    The court notes that it will issue no response to future filings by plaintiff in this action
13 not authorized by the Federal Rules of Civil Procedure or Federal Rules of Appellate Procedure.

14    So ordered.

15 Dated:  November 17, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2